**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

DANIEL GOTEL, on behalf of himself and
all others similarly situated,

Plaintiffs,

-against-

ALLTRAN FINANCIAL, LP

Defendant.

**CIVIL ACTION**

**CLASS ACTION COMPLAINT**
**AND**
**DEMAND FOR JURY TRIAL**

Plaintiff DANIEL GOTEL (hereinafter, "Plaintiff"), a New York resident, brings this class

action complaint by and through his attorneys, Daniel Cohen, PLLC, against Defendant

ALLTRAN FINANCIAL, LP (hereinafter "Defendant"), individually and on behalf of a class of

all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based

upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to

Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.  Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of

    abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §

    1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute

    to the number of personal bankruptcies, to material instability, to the loss of jobs, and to

    invasions of individual privacy." *Id.*  Congress concluded that "existing laws . . . [we]re

    inadequate to protect consumers," and that "the effective collection of debts" does not require

    "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt

    collection practices, but also to "insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5.  Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6.  Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7.  Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8.  Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9.  Upon information and belief, Defendant's principal place of business is located in Houston, TX.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP")

Rule 23, individually and on behalf of the following consumer class (the "Class"):

- Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using the same unlawful form letter herein, from one year before the date of this Complaint to the present.

- The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.    Whether Defendant violated various provisions of the FDCPA;

    b.    Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.       Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.       Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If

Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT PARTICULAR TO DANIEL GOTEL

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a Collection Letter to Plaintiff seeking to collect an unpaid balance allegedly owing to American Express Co..

17. On or around July 27, 2017, Defendant sent Plaintiff a collection letter. *See* Exhibit A.

18. The letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

19. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

20. Defendant's July 27, 2017 Collection Letter states in pertinent part: "Amount due as of July 27, 2017."

21. Defendant was attempting to collect on Plaintiff's purportedly overdue credit card account with American Express Co.

22. Upon information and belief, Plaintiff's account with American Express Co. was charged-off

and is not subject to change, and will never increase due to any terms of the original agreement.

23. Upon information and belief, the amount due and collected by Defendant will never change due to interest, late charges or other charges.

24. Rather, upon information and belief, Defendant subtly pressed the least sophisticated consumer, in an attempt at pressuring Plaintiff into paying the account quickly, so as to avoid a threatened increase in the Amount Due.

25. Upon information and belief, Defendant has no legal or contractual right to change the amount that Plaintiff allegedly owes to the Creditor.

26. As a result of the following Counts Defendant violated the FDCPA.

**First Count**
**15 U.S.C. §1692e** *et seq.*
**False or Misleading Representations as to Status of Debt**

27. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

28. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

29. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

30. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

31. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

32. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

33. Defendant's conduct constitutes a false, deceptive and misleading means and representation in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

34. The Letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which must be inaccurate, in violation of 15 U.S.C. § 1692e.

35. By stating "Amount due as of July 27, 2017: $5,022.23" Defendant falsely suggested that immediate payment of the balance would benefit Plaintiff by implying that the "Amount due as of July 27, 2017" would be subject to change, and could be subject to additional interest when in fact no such interest is accruing on the account.[1]

36. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to § 1692(e).

37. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

---

[1] I recognize that ambiguity can be indicative of a misleading or deceptive communication. See *Easterling v. Collecto, Inc*., 692 F.3d 229, 233 (2d Cir. 2012). But Avila compels the conclusion that any ambiguity as to post-dated accruals in a collection notice gives rise to a claim under the general prohibition of § 1692e – even if the ambiguity does no harm or even inures to the benefit of the debtor. *FATEMA ISLAM, Individually and on behalf of a class, Pl., v. AMERICAN RECOVERY SERVICE INCORPORATED*, Def.., 17-CV-4228 (BMC), 2017 WL 4990570, at *2 (E.D.N.Y. Oct. 31, 2017).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Daniel Cohen, PLLC, as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/ Daniel Cohen
Daniel Cohen, Esq.
Daniel Cohen, PLLC
300 Cadman Plaza W, 12th floor
Brooklyn, New York 11201
Phone: (646) 645-8482
Fax:    (347) 665-1545
Email: Dan@dccohen.com
*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Daniel Cohen*
Daniel Cohen, Esq.

Dated:    Brooklyn, New York
          November 8, 2017